# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re: NEUMAN, BONNIE L § Case No. 08-14179
§
§
Debtors §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under Chapter 7 of the United States Bankruptcy Code on June 03, 2008. The undersigned trustee was appointed on June 03, 2008.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of      $_____10,002.42_

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Administrative expenses | 0.00 |
   | Payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 0.00 |
   | Leaving a balance on hand of | $_____10,002.42_ |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

**UST Form 101-7-TFR (4/1/2009)**

    6. The deadline for filing claims in this case was 04/22/2009. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

    7. The Trustee's proposed distribution is attached as **Exhibit D**.

    8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,750.20. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

    The trustee has received $0.00 as interim compensation and now requests the sum of $1,750.20, for a total compensation of $1,750.20. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $219.74, for total expenses of $219.74.

    Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 07/26/2009      By: /s/JOSEPH R. VOILAND
                                        Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-TFR (4/1/2009)**

Exhibit A

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 08-14179  
**Case Name:** NEUMAN, BONNIE L  

**Trustee:** (330380) JOSEPH R. VOILAND  
**Filed (f) or Converted (c):** 06/03/08 (f)  
**§341(a) Meeting Date:** 06/30/08  

**Period Ending:** 07/26/09  
**Claims Bar Date:** 04/22/09

| Ref. # | 1<br>**Asset Description**<br>(Scheduled And Unscheduled (u) Property) | 2<br>**Petition/<br>Unscheduled<br>Values** | 3<br>**Estimated Net Value**<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>**Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c)** | 5<br>**Sale/Funds<br>Received by<br>the Estate** | 6<br>**Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets** |
|---|---|---|---|---|---|---|
| 1 | cash | 20.00 | 0.00 | DA | 0.00 | FA |
| 2 | checking account - Chase Bank | 71.00 | 0.00 | DA | 0.00 | FA |
| 3 | savings account - Chase Bank | 598.00 | 0.00 | DA | 0.00 | FA |
| 4 | security deposit | 1,000.00 | 0.00 | DA | 0.00 | FA |
| 5 | household goods | 500.00 | 0.00 | DA | 0.00 | FA |
| 6 | wearing apparel | 150.00 | 0.00 | DA | 0.00 | FA |
| 7 | jewelry (costume) | 50.00 | 0.00 | DA | 0.00 | FA |
| 8 | life insurance - Lincoln Fin. Group | 1,800.00 | 0.00 | DA | 0.00 | FA |
| 9 | retirement account- Lincoln Fin. Group | 888.00 | 0.00 | DA | 0.00 | FA |
| 10 | child support | 7,000.00 | 0.00 | DA | 0.00 | FA |
| 11 | property settlement | 20,000.00 | 18,239.00 | | 10,000.00 | FA |
| 12 | 2002 Buick Rendezvous | 6,100.00 | 0.00 | DA | 0.00 | FA |
| 13 | 1997 Ford Taurus | 1,100.00 | 0.00 | DA | 0.00 | FA |
| Int | INTEREST  (u) | Unknown | N/A | | 2.42 | Unknown |
| **14** | **Assets** Totals (Excluding unknown values) | **$39,277.00** | **$18,239.00** | | **$10,002.42** | **$0.00** |

**Major Activities Affecting Case Closing:**

On 1/9/2009, the Court authorized the Trustee to accept $10,000.00 from Terrance Neuman as full satisfaction of debtor's property settlement claim.

**Initial Projected Date Of Final Report (TFR):**    May 15, 2009    **Current Projected Date Of Final Report (TFR):**    May 15, 2009

Exhibit B

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

| **Case Number:** | 08-14179 | | **Trustee:** | JOSEPH R. VOILAND (330380) |
|---|---|---|---|---|
| **Case Name:** | NEUMAN, BONNIE L | | **Bank Name:** | JPMORGAN CHASE BANK, N.A. |
| | | | **Account:** | ***-*****34-65 - Money Market Account |
| **Taxpayer ID #:** | 35-6800054 | | **Blanket Bond:** | $50,000,000.00  (per case limit) |
| **Period Ending:** | 07/26/09 | | **Separate Bond:** | N/A |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | {Ref #} / Check # | Paid To / Received From | Description of Transaction | T-Code | Receipts $ | Disbursements $ | Money Market Account Balance |
| 12/23/08 | {11} | National City Bank | settlement proceeds from Terrance Neuman | 1129-000 | 10,000.00 | | 10,000.00 |
| 01/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.39 | | 10,000.39 |
| 02/27/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.38 | | 10,000.77 |
| 03/31/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.43 | | 10,001.20 |
| 04/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.40 | | 10,001.60 |
| 05/29/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.39 | | 10,001.99 |
| 06/30/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.43 | | 10,002.42 |
| | | | **ACCOUNT TOTALS** | | 10,002.42 | 0.00 | $10,002.42 |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | **Subtotal** | | 10,002.42 | 0.00 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | **$10,002.42** | **$0.00** | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **MMA # ***-*****34-65** | 10,002.42 | 0.00 | 10,002.42 |
| | $10,002.42 | $0.00 | $10,002.42 |

{} Asset reference(s)

Printed: 07/26/2009 10:22 AM     V.11.21

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 08-14179
Case Name: NEUMAN, BONNIE L
Trustee Name: JOSEPH R. VOILAND

Claims of secured creditors will be paid as follows:

*Claimant*                                          *Proposed Payment*

             N/A

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | | *Fees* | *Expenses* |
|---|---|---|---|
| *Trustee* | JOSEPH R. VOILAND | $ 1,750.20 | $ 219.74 |
| *Attorney for trustee* | | $ | $ |
| *Appraiser* | | $ | $ |
| *Auctioneer* | | $ | $ |
| *Accountant* | | $ | $ |
| *Special Attorney for trustee* | | $ | $ |
| *Charges,* | U.S. Bankruptcy Court | $ 250.00 | $ |
| *Fees,* | United States Trustee | $ | $ |
| *Other* | | $ | $ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

*Reason/Applicant*           *Fees*           *Expenses*

**UST Form 101-7-TFR (4/1/2009)**

| | | | |
|---|---|---|---|
| *Attorney for debtor* | _____ | $_____ | $_____ |
| *Attorney for* | _____ | $_____ | $_____ |
| *Accountant for* | _____ | $_____ | $_____ |
| *Appraiser for* | _____ | $_____ | $_____ |
| *Other* | _____ | $_____ | $_____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

*Claim Number     Claimant                              Allowed Amt. of Claim    Proposed Payment*

                            N/A

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 734.75 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 1 | LVNV Funding LLC | $ 159.84 | $ 159.84 |
| 2 | Nicor Gas | $ 574.91 | $ 574.91 |

**UST Form 101-7-TFR (4/1/2009)**

Late filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 3 | Frank Giampoli | $ 4,670.70 | $ 4,162.49 |
| 4 | Win Wehrli | $ 3,237.50 | $ 2,885.24 |

Subordinated unsecured claims for fines, penalties, and forfeitures are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | N/A | | |

The amount of surplus returned to the debtor after payment of all claims and interest is $ 0.00.

**UST Form 101-7-TFR (4/1/2009)**